IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00705-BNB

GILES HOWARTH LOCKE,

    Plaintiff,

v.

DEPUTY DISTRICT ATTORNEY OF BOULDER COUNTY, and
STANLEY GARNETT, in their individual capacities,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Giles Howarth Locke, initiated this action on March 18, 2013, by filing a Complaint. On March 20, 2013, Magistrate Judge Boland entered an Order Directing Plaintiff to Cure Deficiencies in this action. Mr. Locke thereafter filed a Prisoner Complaint on the court-approved form on April 4, 2013, along with a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. ## 6 and 7).

Mr. Locke has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Locke's Prisoner Complaint liberally because he is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, this action will be dismissed.

Mr. Locke alleges in the Prisoner Complaint that a law enforcement officer threatened to "slit his throat."  (Doc. # 6, at 6).  Following an internal investigation, the officer was reprimanded for his threat.  However, the Defendants, district attorneys for Boulder County, declined to prosecute the officer criminally.  Plaintiff asserts that there was sufficient evidence for the Defendants to initiate criminal proceedings against the offending officer and that Defendants have violated the Fourteenth Amendment Equal Protection Clause and state law by failing to do so.  Mr. Locke also makes a conclusory assertion that the Defendants have initiated state criminal proceedings against him without probable cause.  For relief, Plaintiff asks that pending criminal actions against him be dismissed and that he be awarded damages.

Mr. Locke lacks standing to pursue claims against the Defendants based on their failure to prosecute a third party.  A federal court may render a decision only when there is a live case or controversy.  *See* U.S. Const. art. III, § 2.  The doctrine of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Allen v. Wright*, 468 U.S.

737, 751 (1984)).  To satisfy Article III's standing requirements, a plaintiff must show:

> (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth*, *Inc. v. Laidlaw*, 528 U.S. 167, 180-81 (2000) (citing *Defenders of Wildlife*, 504 U.S. at 560–61).

Generally, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman,* 454 U.S. 83, 86-87 (1981) (citing *Linda R.S.* as controlling, dismissed on standing grounds a § 1983 suit alleging improper interference with plaintiffs' attempt to have an arrest warrant issued against persons who allegedly beat them, causing injury); *accord Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993).  "Efforts to initiate a criminal proceeding are properly directed to appropriate executive branch officials, not the judiciary through private prosecutions." *DeMillard v. No Named Defendant*, No. 10-1536, 407 F. App'x. 332, 333 (10th Cir. Jan. 14, 2011).

Accordingly, to the extent Mr. Locke sues the Defendants based on their failure to prosecute the officer who threatened him with bodily harm, Mr. Locke lacks standing to pursue his claim and the Court therefore lacks subject matter jurisdiction.

Mr. Locke's claim that the Defendants initiated one or more state criminal prosecutions against him without probable cause is barred by the doctrine of absolute prosecutorial immunity.  State prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478,

504 (1978).  Mr. Locke's allegations against the Defendants involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430).  Therefore, Plaintiff's claim is legally frivolous based on absolute prosecutorial immunity, or because Plaintiff seeks relief from Defendants who are entitled to immunity.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Locke files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that Prisoner Complaint (Doc. # 6) and the action are dismissed, in part, for lack of subject matter jurisdiction, and, in part, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).  It is

FURTHER ORDERED that the claim for monetary damages against the Defendants based on the Defendants' actions in prosecuting the Plaintiff criminally is dismissed with prejudice because this claim is legally frivolous or seeks relief from Defendants entitled to immunity.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Locke has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Locke may file a motion in the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __24th__ day of ____April____, 2013.

BY THE COURT:


    __s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court